IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| TYLER HAYES MILLS, | |
|---|---|
| Plaintiff, | |
| v. | |
| THE SUPERINTENDENT DIRECTOR OF INSTITUTIONS, *et al.*, | Case No. 3:26-cv-00039-SLG |
| Defendants. | |

### **DEFICIENCY ORDER**

On January 20, 2026, the Court received a Complaint, Civil Cover Sheet, Application to Proceed without Prepayment of Fees and Affidavit on AO Form 240, and Motion for Appointment of Counsel from self-represented prisoner Plaintiff Tyler Hayes Mills.[1] The documents have been filed in the District of Alaska's Case Management/Electronic Case Files (CM/ECF) system and assigned a case number, as set forth above. Docketed items are the official court record.

This action is deficient because Plaintiff has not filed paid the filing fee or filed:

1. ☒ A fully completed and signed Prisoner's Application to Waive Prepayment of the Filing Fee (District of Alaska Form PS10)[2];

---

[1] Docket 1; Docket 2; Docket 3; Docket 4.

[2] Note: Plaintiffs must not file the CJA 23 Form. The CJA 23 Form is for criminal cases and is not an acceptable substitute for the District of Alaska Form PS10. Likewise, the Court requires a fully completed and signed District of Alaska Form PS10, not AO Form 240.

2. ☒ A statement from Plaintiff's prisoner trust account for the six months preceding the date the application to waive prepayment of the filing fee was filed.

Prisoner litigants requesting to waive prepayment of the filing fee must file the completed and signed correct application form (District of Alaska Form PS10) and include with that application a statement from their prison trust account for the past six months.[3]

While a court may permit self-represented prisoners to join together as plaintiffs in a lawsuit, "each prisoner proceeding IFP in a multi-prisoner lawsuit [must] pay the full amount of a filing fee."[4] By way of example, in a lawsuit brought by three prisoners, each prisoner would be assessed the filing fee of $350, for a total filing fee of $1,050.

If this lawsuit proceeds while Plaintiff remains incarcerated, the Court will enter an order to collect the $350 filing fee from Plaintiff's prisoner trust account in monthly installments until the $350 is fully paid. Federal law only allows prisoners to waive the *prepayment* of the fees associated with civil lawsuits.[5] Prisoners must pay the entire filing fee incrementally until paid in full, regardless of the outcome of

---

[3] Local Civil Rule 3.1(c)(3).

[4] *Johnson v. High Desert State Prison*, 127 F.4th 123, 132 (9th Cir. 2025) (internal quotations omitted); 28 U.S.C. § 1915(b)(1).

[5] 28 U.S.C. § 1915(a)-(b).

Case No. 3:26-cv-00039-SLG, *Mills v. The Superintendent Director of Institutions, et al.*
Deficiency Order
Page 2 of 5

the lawsuit.[6] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief, the Court will issue a separate order to collect the filing fee from Plaintiff's prisoner trust account. Alternatively, Plaintiff may pay the $350 filing fee and $55 administrative fee, a total of $405, at this time.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Application to Proceed with Prepayment of Fees and Affidaivt is on the wrong form and is incomplete. If Plaintiff seeks to proceed in this action without prepayment of the filing fee, Plaintiff must file a fully completed and signed Prisoner Application to Waive Prepayment of the Filing Fee on District of Alaska Form PS10 and attach a copy of the statement for the last six months of Plaintiff's prisoner trust account.

2. Plaintiff is accorded **30 days of the date of this order** to either pay the filing fee and administrative fee, a total of $405.00, or file a completed and signed Prisoner Application to Waive Prepayment of the Filing Fee on District of Alaska Form PS10 that includes an attached statement from Plaintiff's prisoner trust account for the six months preceding the date the application to waive prepayment of the filing fee is filed.

3. If Plaintiff fails to fully comply with the preceding Paragraph 2, above, of this order within 30 days of the date of this order, this action shall thereafter be dismissed without further notice to Plaintiff.

---

[6] 28 U.S.C. § 1915(b)(1) & (2).

4.     Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[7] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

5.     At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address."  The Notice shall contain only information about the change of address, and its effective date.[8] The Notice shall not include requests for any other relief.  A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.  If a plaintiff fails to keep a current address on file with the Court, that may result in dismissal of the case without further notice to the plaintiff.

6.     All litigants are responsible for keeping copies of everything filed with the Court.  As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed.  However, litigants should not send important original documents or documents that cannot be replaced to the Court.  If an original must be returned,

---

[7] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[8] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:26-cv-00039-SLG, *Mills v. The Superintendent Director of Institutions, et al.*
Deficiency Order
Page 4 of 5
Case 3:26-cv-00039-SLG     Document 6     Filed 02/02/26     Page 4 of 5

a Motion for Return of Document should be filed as soon as possible.

7. All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to this case. Litigants may contact the Clerk's Office for questions regarding Court procedure or assistance accessing legal forms and resources. Please be advised that Clerk's Office staff are prohibited by law from providing legal advice.

8. If Plaintiff is released from custody while this case remains pending and the filing fee has not then been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of the filing fee and administrative fee, or (2) file a Non-Prisoner Application to Waive the Filing Fee (District of Alaska Form PS11).[9] Failure to comply may result in dismissal of this action without further notice to Plaintiff.

9. The Clerk of Court is directed to send the District Court's handbook, **"REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT," Form PS10**, Prisoner's Application to Waive Prepayment of the Filing Fee, and **Form PS23,** Notice of Change of Address, with this order.

DATED this 2nd day of February 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[9] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

Case No. 3:26-cv-00039-SLG, *Mills v. The Superintendent Director of Institutions, et al.*
Deficiency Order
Page 5 of 5